UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| VENETIAN BLIND & FLOOR COVERING, LTD., D/B/A GULF COAST FLOOR COVERING  *Plaintiff*, | § § § § | |
| vs. | § § | CIVIL ACTION H-08-2451 |
| WELLS FARGO BANK, N.A., *Defendant*. | § § § | |

## MEMORANDUM OPINION AND ORDER

This banking dispute is before the court on defendant's motion for partial summary judgment based on limitations (Dkt. 46). Defendant's motion is denied.

Plaintiff has sued defendant for wrongful payment of numerous checks that its employee (Marcia Sinclair) wrongly deposited into her personal bank accounts. Plaintiff has filed a binding stipulation that it is not seeking to recover on any claim for conversion that accrued prior to June 28, 2005 (Dkt. 52).

Plaintiff's stipulation renders defendant's motion moot. Defendant expressly moved for a ruling "that all claims, causes of action, and theories of liability that predate June 27, 2005 be held to violate the statute of limitations."[1] Having gotten what it asked for, defendant raised a new theory in reply, seeking dismissal of plaintiff's conversion claims in their entirety.[2]

---

[1] Motion (Dkt. 46), at 2.

[2] Defendant contends that the relief sought in its reply is what it was seeking all along. That position is belied by the title of defendant's motion: "motion for *partial* summary judgment on limitations." (emphasis added).

This court is not obligated to consider a new ground for relief raised in defendant's reply. *Gillaspy v. Dallas Indep. School Dist.*, 278 F. App'x. 307, *7 (5th Cir. 2008) (citing *Peteet v. Dow Chem. Co.*, 868 F.2d 1428, 1437 (5th Cir. 1989)). Nonetheless, the court has done so and concludes it is without merit.

Defendant's position – that all of plaintiff's claims accrued prior to June 27, 2005 and are time-barred[3] – is based on the premise that all of plaintiff's check conversion claims accrued when Wells Fargo negligently failed to adequately vet Sinclair when her account was opened in 2004.[4] This is a misstatement of the law. "As a rule, . . . a cause of action accrues when a wrongful act causes some legal injury, even if the fact of injury is not discovered until later, and even if all resulting damages have not yet occurred." *Murphy v. Campbell*, 964 S.W.2d 265, 270 (Tex. 1997). A cause of action for conversion based on wrongful payment of a check accrues when the check is paid. *Clearfield Trust Co. v. United States*, 318 U.S. 363, 368 (1943); *Rodrigue v. Olin Employees Credit Union*, 406 F.3d 434, 447 (7th Cir. 2005); *Yazdchi v. Washington Mutual*, No. 14-04-00639-CV, 2005 WL 2276886 (Tex.

---

[3] The parties do not dispute that a claim for conversion must be commenced within three years after the cause of action accrues. TEX. BUS. & COM. CODE § 3.118(g).

[4] This argument is premised on the opinion of plaintiff's expert, Micheline Ellas, that Wells Fargo should have closed Sinclair's account in 2004. Defendant's reply, exhibit A (Dkt. 59-1).

2

App. – Houston [14th Dist.] 2005, n.p.h.).  Defendant's position places undue emphasis on one allegedly wrongful act by defendant,[5] and ignores the date of plaintiff's legal injury.

Because the parties' stipulation (Dkt. 52) resolves the one issue raised in defendant's motion for partial summary judgment (Dkt. 46), defendant's motion is denied.

Signed at Houston, Texas on January 4, 2010.

*[signature]*
Stephen Wm Smith
United States Magistrate Judge

---

[5] Indeed, the negligence in 2004 about which plaintiff's expert testified is not the only allegedly wrongful act by the bank.