UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| VENETIAN BLIND & FLOOR COVERING, LTD., § | | |
| D/B/A GULF COAST WINDOW COVERING, § | | |
| *Plaintiff*, § | | |
| § | | |
| vs. § | | CIVIL ACTION H-08-2451 |
| § | | |
| WELLS FARGO BANK, N.A., § | | |
| *Defendant*. § | | |

## MEMORANDUM OPINION AND ORDER

This banking dispute is before the court on defendant Wells Fargo's motion for partial summary judgment on the effectiveness of endorsements (Dkt. 49). The court held a hearing on January 14, 2010. Defendant's motion is granted in part and denied in part.[1]

### Summary Judgment Standards

Summary judgment is appropriate if no genuine issues of material fact exist, and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c). The party moving for summary judgment has the initial burden to prove there are no genuine issues of material fact for trial. *Provident Life & Accident Ins. Co. v. Goel*, 274 F.3d 984, 991 (5th Cir. 2001). Dispute about a material fact is "genuine" if the evidence could lead a reasonable jury to find for the nonmoving party. *In re Segerstrom*, 247 F.3d 218, 223 (5th Cir. 2001).

---

[1] Plaintiff has filed objections to certain of defendant's summary judgment evidence (Dkts. 69, 93). The court sustains the objections to the portions of Bowers's and Chynoweth's affidavits in which they state ultimate legal conclusions, *i.e.*, "the endorsements are substantially similar," or "Wells Fargo acted in good faith." The remaining objections are overruled for purposes of this motion.

"An issue is material if its resolution could affect the outcome of the action." *Terrebonne Parish Sch. Bd. v. Columbia Gulf Transmission Co.,* 290 F.3d 303, 310 (5th Cir. 2002).

A summary judgment movant who bears the burden of proof on a claim must establish each element of the claim as a matter of law. *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986). If the movant meets this burden, "the nonmovant must go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial." *Littlefield v. Forney Indep. Sch. Dist.*, 268 F.3d 275, 282 (5th Cir. 2001) (quoting *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995)).

If the evidence presented to rebut the summary judgment is not significantly probative, summary judgment should be granted. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986). In determining whether a genuine issue of material fact exists, the court views the evidence and draws inferences in the light most favorable to the nonmoving party. *Id.* at 255.

**Analysis**

Plaintiff Venetian Blind & Floor Covering Shop Ltd., d/b/a Gulf Coast Window Covering has sued Wells Fargo Bank, N.A. for conversion pursuant to Texas Business and Commerce Code § 3.420. Plaintiff seeks to recover for conversion of 654 checks: 651 deposited by its former employee, Marcia Sinclair, into an account she opened at Wells Fargo

in the name of Gulf Coast Window & Drapery Design, and 3 deposited by Sinclair into her personal checking account.[2]

Defendant moves for a summary judgment ruling that the endorsements on all 654 checks in issue were effective pursuant to Texas Business and Commerce Code § 3.405. Section 3.405 provides, in relevant part, as follows:

> (b) For the purpose of determining the rights and liabilities of a person who, in good faith, pays an instrument or takes it for value or for collection, if an employer entrusted an employee with responsibility with respect to the instrument and the employee or a person acting in concert with the employee makes a fraudulent indorsement of the instrument, the indorsement is effective as the indorsement of the person to whom the instrument is payable if it is made in the name of that person. If the person paying the instrument or taking it for value or for collection fails to exercise ordinary care in paying or taking the instrument and that failure contributes to loss resulting from the fraud, the person bearing the loss may recover from the person failing to exercise ordinary care to the extent the failure to exercise ordinary care contributed to the loss.
> (c) Under Subsection (b), an indorsement is made in the name of the person to whom an instrument is payable if:
> (1) it is made in a name substantially similar to the name of that person; or
> (2) the instrument, whether or not indorsed, is deposited in a depositary bank to an account in a name substantially similar to the name of that person.

Thus, under the UCC's comparative negligence scheme,[3] a bank is not responsible for an employer's loss if (1) the bank acted in good faith; (2) the embezzler was an employee entrusted with responsibility for the checks; (3) the checks were indorsed (i) in the name of

---

[2] Plaintiff seeks recovery for the 654 checks in the amount of $5,298,148.75.

[3] *Southwest Bank v. Information Support Concepts, Inc.*, 149 S.W.3d 104, 108 (Tex. 2004) (Revised Article 3 of the UCC "evince[s] a shift away from strict liability for banks that convert checks to a fault based system.").

the payee, (ii) in a name substantially similar to the name of the payee, or (iii) deposited into an account having a name substantially similar to the name of the payee; and (4) the bank exercised ordinary care in paying the check. Defendant did not move for summary judgment as to the fourth element above, *i.e.*, whether it exercised ordinary care, and concedes that issue must be tried to a jury.[4]

The parties agree that defendant bears the burden of proof to establish the first three elements of its § 3.405 defense. If it does so, the burden shifts plaintiff to prove defendant did not exercise ordinary care.

***Good faith.*** The UCC defines good faith as "honesty in fact and the observance of reasonable commercial standards of fair dealing." TEX. BUS. & COM. CODE § 1.201(b)(20). The Texas Supreme Court has held that "the test for good faith is the *actual belief* of the party in question, *not the reasonableness of that belief*." *La Sara Grain Co. v. First Nat. Bank of Mercedes*, 673 S.W.2d 558, 563 (Tex. 1984) (emphasis added). The Fifth Circuit in *British Caledonian Airways Ltd. v. First State Bank of Bedford, Texas*, 819 F.2d 593 (5th Cir. 1987) recognized the possibility that "in some cases a large number of strong 'should have knowns' may support a jury inference of 'did know,'" but made it clear that bad faith requires something more than simple negligence. *Id.* at 598. Matters of good faith under the UCC generally present fact questions for a jury. *See Bank of Saipan v. CNG Financial*

---

[4] Defendant's reply (Dkt. 85), at 10. Counsel confirmed this on the record at the January 14 hearing.

4

*Corp.*, 380 F.3d 836, 843 (5th Cir. 2004); *Mathis v. Exxon Corp.*, 302 F.3d 448, 457 (5th Cir. 2002).

There is no evidence in the record that any Wells Fargo teller actually conspired with Sinclair. In an effort to squeeze in the window left open by *British Caledonia*, plaintiff has presented a list of things it characterizes as "should have knowns." For instance, Wells Fargo knew that Sinclair worked for Gulf Coast Window Covering at the time it allowed her to open an account in the d/b/a name Gulf Coast Window and Drapery Design; the initial deposit Sinclair made in her fraudulent account exceeded the total amount of prior year sales she represented at the time of opening the account; she repeatedly transferred sums from the business account to cover overdrafts in her personal account; Wells Fargo allowed her to deposit business checks into her personal account on three occasions; tellers did not follow Wells Fargo procedures when accepting the checks for deposit by, among other things, using a "lack of endorsement" stamp even where an endorsement appeared on the check.[5]

The examples of carelessness or mistakes pointed out by plaintiff do not add to up to a "large number of strong should have knowns." There is simply not enough here from which a reasonable jury could infer actual knowledge as opposed to negligence. The court concludes that Wells Fargo has met its summary judgment burden as to good faith.

***Entrustment.*** Defendant contends that this issue is undisputed, relying on plaintiff's verified pleadings in its state court lawsuit against Sinclair, including the allegation that

---

[5] *See* plaintiff's response, at 10-14 and evidence cited therein; *see also* Affidavit of Micheline Ellas (Dkt. 74-1).

Sinclair had "responsibility for gathering and depositing all customer checks that were physically received by Gulf Coast."[6] Defendant has also presented deposition testimony from plaintiff's Controller, William Clayton, describing Marcia Sinclair's duties regarding taking checks to the bank for deposit.[7]

Plaintiff's argument that defendant has not met its burden of proof on this point, without presentation of contrary evidence, is unpersuasive. Plaintiff has never contended that Sinclair came into possession of any one of the 654 checks in some way other than as its employee responsible for gathering and collecting them. It did not present any evidence on this point in response to defendant's summary judgment motion. Therefore, defendant's motion for summary judgment that Marcia Sinclair was "entrusted . . . with responsibility with respect to" each of the 654 checks is granted, and it will not be required to prove that fact at trial.

***Substantial similarity of endorsements.*** Section 3.405(c) governs the issue of substantial similarity. An endorsement is effective if it is (1) substantially similar to the name of the payee, or (2) the name of the payee is substantially similar to the name on the account into which it is deposited.

The only Texas case defendant cites, *Basse Truck Line, Inc. v. First State Bank, Bandera, Texas*, 949 S.W.2d 17, 20-21 (Tex. App. – San Antonio 1997, pet. denied),

---

[6]  Plaintiff's verified original petition, Ex. 1 to defendant's motion, ¶ 8.

[7]  Defendant's reply, Ex. 20.

addresses the legal issue of whether the version of § 3.405 applicable in that case required a "mirror image" endorsement or rather a "substantially similar" endorsement (as incorporated in the 1995 revisions). The plaintiff argued for the former and lost; the case contains no discussion of the substantial similarity between the endorsement "Texas Insurance" and the payee name "Texas Insurance Agency, Inc." In fact, no case cited by the parties provides helpful guidance on the meaning of the phrase substantially similar.[8] The fact that plaintiff's legitimate d/b/a Gulf Coast Window Covering and Sinclair's fraudulent d/b/a Gulf Coast Window & Drapery Design are "similar" (as stated in an insurance document by William Gaul, President and CEO of Venetian Blind, and in an unsworn letter written Elizabeth Kamin, a lawyer for Venetian Blind[9]) does not answer the substantial similarity inquiry.

Defendant has submitted a copy of each check in the summary judgment record.[10] For simplicity, defendant produced at the January 14 hearing a summary chart identifying the payee and endorsement on each check.[11]

---

[8] Defense counsel conceded at the hearing that "substantially similar" means something more than similar, as opposed to something less than similar.

[9] Motion, Exs. 9, 10.

[10] Motion, Ex. 19.

[11] After the hearing, plaintiff presented a chart dividing the checks into more subcategories. Ex. 3 to sur-reply (Dkt. 102); *see also* response to sur-reply (Dkt. 103). The court has noted the variations pointed out by plaintiff within each category above.

Defendant has made one small change to its chart since the hearing. Ex. 2 to plaintiff's sur-reply. In the third category, an endorsement "mystery – bad copy" was eliminated and the

The summary chart below identifies the payee and endorsement on each check:

| # checks | Payable to | Endorsed | # checks |
|---|---|---|---|
| 169 | Gulf Coast (includes Gulfcoast, Golfcoast, Gulf Coast-SA, Gulf Coast-Builder Account) | Gulf Coast<br>Gulf Coast Window<br>None | 38<br>130*[12]<br>1 |
| 14 | Gulf Coast Window(s) | Gulf Coast<br>Gulf Coast Window | 3<br>11 |
| 470 | Gulf Coast Window Covering(s) (includes Gulf Coast W.C., Gulfcoast Window Covering(s), Gulf Coast Window Co., Gulf Coast Window Cov., Gulf Coast Window Coverin, Gulf Cost Window Covering, Gulf Coast Windowcovering) | Gulf Coast<br>Gulf Coast Window<br>None | 111<br>357*<br>2 |
| 1 | No payee | Gulf Coast Window | 1 |
| 1 | Gulf Coast Window Fashions | Gulf Coast | 1 |

---

number of checks endorsed "Gulf Coast Window" was increased from 356 to 357. Because plaintiff's sur-reply does not list any check with a "mystery" endorsement, the court accepts this change and has incorporated it into the chart above.

The courts notes that defendant's original chart contained another discrepancy not corrected by defendant or plaintiff. There are actually 470 checks in the third category, not 469, making the total number of checks reflected on the chart 655 instead of 654. This problem is not clarified by plaintiff's submission, which actually lists only 650 checks. This minor discrepancy likely is immaterial the court's analysis and the court is confident the parties can address each check consistent with this rulings in this Order.

[12] One check made payable to Gulf Coast and endorsed Gulf Coast Window was deposited into Sinclair's personal account, as were two checks made payable to Gulf Coast Window Covering and endorsed Gulf Coast Window.

Plaintiff first argues that the "name of the person to whom an instrument is payable" is the party actually entitled to payment, *i.e.*, Gulf Coast Window Covering, not the name actually written on the check. Under this theory, the "payable to" column in the above chart is irrelevant, and the appropriate inquiries are whether Gulf Coast Window Covering is substantially similar to the endorsement on each check, or to Gulf Coast Window & Drapery Design. Plaintiff has not presented any authority for this interpretation of the statute.[13] The cases that have been brought to the court's attention focus on the name written on the check. *See In re McMullen Oil Co.*, 251 B.R. 558, 575-76 (Bankr. C.D. Ca. 2000) (noting that bank is protected where there is a minor variation between "the name shown as the payee on the check" and the endorsement); *British Caledonian Airways Ltd. V. First State Bank of Bedford, TX*, 819 F.2d 593, 599-600 (5th Cir. 1987) (reasoning that it should not change a substantial similarity analysis whether a minor spelling mistake appears on the front or the back of a check); *Auto-Owners Ins. Co. v. Bank One*, 852 N.E.2d 604, 614-15 (Ind. 2006). The court concludes that the plain meaning of the phrase "name of the person to whom an instrument is payable" is the name actually written on the "payable to" line of the check.[14]

Counsel for plaintiff conceded at the hearing that if the court rejects its argument

---

[13] Counsel was granted leave to file supplemental authority on this point after the January 14 hearing. He has not done so.

[14] In any event, because the majority of checks were made payable to some variation of Gulf Coast Window Covering, this issue has only limited impact on the outcome of the motion for summary judgment.

above, plaintiff cannot dispute substantial similarity as to the first two categories appearing on the summary chart – those payable to Gulf Coast and Gulf Coast Window.[15]

Thus, the court turns to the bulk of this dispute, the 470 checks made payable to Gulf Coast Window Covering.

The court first considers whether the payee name Gulf Coast Window Covering is substantially similar to any of the listed endorsements. The court finds as a matter of law that the endorsement Gulf Coast Window is substantially similar to Gulf Coast Window Covering. The former is a substantial subset of the latter and contains no differentiating or limiting words. The variations noted by plaintiff in the spelling or abbreviation of Gulf Coast Window Covering are within the type of minor variations that cases such as *Basse* and *Shane Smith Enter., Inc. v. Bank of America, N.A.*, No. 4:06CV00376, 2007 WL 1880201 (E.D. Ark. June 29, 2007), have found acceptable. As to the 357 checks payable to Gulf Coast Window Covering and endorsed Gulf Coast Window, defendant has met its burden of proof on the substantial similarity element of its § 3.405 defense.

As for those 111 checks endorsed simply "Gulf Coast," however, such a generic endorsement is not necessarily substantially similar to Gulf Coast Window Covering. There are innumerable business in the Houston area with the phrase Gulf Coast at the start of their names. Where no other distinguishing word is present, reasonable persons could disagree

---

[15] This concession is with one exception: the check made payable to Gulf Coast and having no endorsement. In keeping with the court's ruling that Gulf Coast is too generic to be substantially similar to either Gulf Coast Window Covering or Gulf Coast Window & Drapery Design, summary judgment is denied as to this particular check. *See infra* at 10-11.

10

whether the generic phrase "Gulf Coast" is substantially similar to another business name.[16] Of course, there cannot be substantial similarity regarding the payee name Gulf Coast Window Covering where the check has no endorsement at all.

Therefore, for these remaining 113 checks, the issue becomes whether the payee name Gulf Coast Window Covering is substantially similar to the name on the deposit account, Gulf Coast Window & Drapery Design. The differences between the two names reflect more than minor variation or misspelling – they involve different words that are not entirely synonymous. One name is not simply a shortening or subset of the other. None of the cases defendant uses for comparison address this type or degree of variation.[17] The court finds the difference between Gulf Coast Window Covering and Gulf Coast Window & Drapery Design sufficient to put the issue to the jury.

As to the final two categories on the summary chart, the parties' positions are unclear. However, it appears obvious that there can be no § 3.405(c) substantial similarity where there is no payee name at all. And as to Gulf Coast Window Fashions, endorsed simply Gulf Coast, the reasoning set forth in the above paragraph regarding Gulf Coast Window Covering applies. Therefore, summary judgment on substantial similarity of endorsements is denied as to those two checks as well.

---

[16] By analogy, it would be as if in the *Basse* case the court found an endorsement of only "Texas" to be substantially similar to Texas Insurance or Texas Insurance Agency, Inc.

[17] *See* motion, at 15.

**Conclusion and Order**

For the reasons discussed above, defendant's motion for partial summary judgment on endorsements (Dkt. 49) is granted in part and denied in part. Specifically, summary judgment is granted as to the elements of good faith and entrustment. Summary judgment is granted as to the substantial similarity of endorsements as to 168 of the 169 checks payable to Gulf Coast;[18] the 14 checks payable to Gulf Coast Window; and the 357 payable to Gulf Coast Window Covering and endorsed Gulf Coast Window (a total of 539 checks).

Summary judgment is denied on the substantial similarity of endorsements as to the one (1) check payable to Gulf Coast having no endorsement; the 111 checks payable to Gulf Coast Window Covering and endorsed Gulf Coast; the two (2) checks payable to Gulf Coast Window Covering having no endorsement; the one (1) check with no payee; and the one (1) check payable to Gulf Coast Window Fashions (a total of 116 checks).

The issue of defendant's exercise of ordinary care remains for trial as to all checks.

Signed at Houston, Texas on February 9, 2010.

*[signature]*
Stephen Wm Smith
United States Magistrate Judge

---

[18]   *See supra* n.15.